United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARC LAWRENCE JENSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 19-cv-07773-LB<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE**<br><br>Re: ECF No. 29 |

## INTRODUCTION

Plaintiff Marc Jensen, who is representing himself, sued his former employer, Wells Fargo Bank, N.A., and related defendants (collectively, "Wells Fargo") for disability discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA"), and for failure to provide medical leave under the Family and Medical Leave Act of 1993 ("FMLA").[1] The defendants move to compel Mr. Jensen to submit his claims to arbitration, on the ground that Mr. Jensen had signed an agreement to arbitrate all claims arising out of his

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-07773-LB

1  employment.² The court held a hearing on March 19, 2020. The court grants the defendants'
2  motion to compel arbitration and stays this case.

## STATEMENT

In February 2018, Wells Fargo hired Mr. Jensen for an "Accountant 4 position" at its office in San Francisco.³ Previously, Mr. Jensen had worked for Wells Fargo on a contract basis.⁴ Mr. Jensen alleges that he has a disability based on the following: "severe obstructive sleep apnea, excessive daytime sleepiness, recurring hypersomnia, degenerative disc disease in LSpine and CSpine sections of recurring."⁵ Mr. Jensen alleges that, throughout his employment, Wells Fargo discriminated against him based on his disability, failed to accommodate his disability, treated him with unequal terms and conditions, and retaliated against him, in violation of Title VII and the ADA.⁶ He also alleges that the it unlawfully denied him a leave of absence under the FMLA .⁷

When Mr. Jensen was hired, he signed the "Wells Fargo Mutual Arbitration Agreement."⁸ The Agreement provides, in relevant part:

> Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration. Except as noted below, Wells Fargo and I agree to waive our rights to pursue any Claims in court or before a jury. This Agreement is subject to the Federal Arbitration Act.
>
> **COVERED CLAIMS:** The Claims covered by this Agreement with any Wells Fargo entity, its officers, directors, shareholders, employees, agents, parent companies, subsidiaries, affiliates, predecessors, successors, and assigns (collectively "Wells Fargo") include, but are not limited to, claims for

---

² Mot. – ECF No. 29. The parties consented to the undersigned's jurisdiction. Consents – ECF Nos. 21, 25, 34.

³ Compl. – ECF No. 1 at 5; Answers – ECF Nos. 23 at 3 (¶ 1), 38 at 3 (¶ 1); Ex. C to Opp'n – ECF No. 36 at 9 (an offer of employment from Wells Fargo to Mr. Jensen for "Accountant 4" at the Wells Fargo Bank at 420 Montgomery, San Francisco CA).

⁴ *See* Compl. – ECF No. 1 at 5.

⁵ *Id*.

⁶ *Id*. at 4–8, 11.

⁷ *Id*. at 9–11.

⁸ *See* Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.

> discrimination, harassment, retaliation, tortious conduct, wrongful discharge, breach of contract, promissory estoppel, expense reimbursement, wages, compensation, or claims for violations of any federal, state, or local statute, regulation or common law, including, but not limited to Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Rehabilitation Act, the Equal Pay Act, Worker Adjustment and Retraining Notification Act, Family and Medical Leave Act, the Fair Labor Standards Act, and all applicable amendments.
>
> . . .
>
> **AAA RULES & PROCESS:** . . . Wells Fargo and I agree that arbitration shall be conducted by single neutral arbitrator in accordance with the American Arbitration Association's ("AAA") Employment Arbitration Rules and Mediation Procedures to the extent they do not conflict with this Agreement or applicable law. Information about rules and filing procedures is available at adr.org. The hearing shall take place in or near the city where I am or was last employed by Wells Fargo. The parties shall have the right to conduct adequate discovery necessary to the full and fair exploration of the case, file dispositive motions, and present witnesses and evidence. The arbitrator is authorized to grant all remedies available under applicable law. The arbitrator shall apply the applicable law and, in AAA matters only, provide a written decision summarizing the essential findings of fact and conclusions of law on which the decision is based.
>
> **FEES & COSTS:** . . . . For AAA matters, other than the filing fee I must pay the AAA to start the arbitration proceeding, Wells Fargo will pay all costs unique to arbitration, including any further filing fees, arbitrator fees, or AAA administrative fees. If Wells Fargo starts an AAA arbitration proceeding, Wells Fargo will pay the filing fee, plus any required deposit and costs of the arbitration proceeding. Unless ordered by the arbitrator in accordance with applicable law, each party shall be responsible for their own attorney, witness, and expert fees and costs.
>
> **CLASS, COLLECTIVE AND REPRESENTATIVE ACTION WAIVER: Claims must be brought in arbitration on an individual basis only, and I agree to waive the right to initiate or participate in a class, collective, or representative action (collectively "Class Action"). Additionally, the arbitrator shall have no authority to consolidate Claims of different employees into one proceeding. Any challenges to the enforceability of this class action shall be decided only by a court, not an arbitrator. To the extent the court deciding arbitrability deems certain claims arbitrable and others non-arbitrable, the non-arbitrable claims shall be stayed until the final disposition of the arbitrable claims**.[9]

The Agreement has Mr. Jensen's signature and is dated February 4, 2018.[10]

---

[9] *Id*. (Bold in original).

[10] *Id*.

ORDER – No. 19-cv-07773-LB           3

## ANALYSIS

**1. Governing Law**

"The Federal Arbitration Act (FAA) requires courts to 'place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "Section 2 of the FAA makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (citing 9 U.S.C. § 2). "The final clause of § 2, generally referred to as the savings clause, permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* (some internal quotation marks omitted) (quoting *Concepcion*, 563 U.S. at 339). "'Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration.'" *Id.* (quoting *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016)). Arbitration agreements can cover Title VII claims, as long as the employee enters into the arbitration agreement "knowingly." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323–24 (9th Cir. 2015).

The FAA provides that arbitration agreements are unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The court determines whether the putative arbitration agreement is enforceable under the laws of the state where the contract was formed. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1170 (9th Cir. 2003).

In California, contractual unconscionability has both a procedural and a substantive component. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). "In order to establish such a defense, the party opposing arbitration must demonstrate that the contract

as a whole or a specific clause in the contract is both procedurally and substantively unconscionable." *Poublon*, 846 F.3d at 1260 (citing *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015)). "Procedural and substantive unconscionability 'need not be present in the same degree.'" *Id.* (quoting *Sanchez*, 61 Cal. 4th at 910). "Rather, there is a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id.* (quoting *Sanchez*, 61 Cal. 4th at 910). "Under California law, 'the party opposing arbitration bears the burden of proving . . . unconscionability.'" *Id.* (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)).

**2. Application**

The agreement covers the claims in Mr. Jensen's lawsuit, and the FAA applies. Mr. Jensen does not dispute those points and instead contends that (1) Wells Fargo Bank did not sign the agreement, and thus there is no mutual assent, and (2) the arbitration clause is unenforceable because it is procedurally and substantively unconscionable.[11] The court enforces the agreement.

**2.1   Agreement Enforceability**

Mr. Jensen contends that there is no mutual asset because Wells Fargo did not sign the agreement.[12] This argument lacks merit.

"While the FAA requires a writing, it does not require that the writing be signed by the parties." *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) (internal citations and quotations omitted); *see also Campos v. JPMorgan Chase Bank, N.A.*, 18-cv-06169-JSC, 2019 WL 827634, at *5 (N.D. Cal. Feb. 21, 2019) (rejecting argument that an arbitration agreement lacks mutual assent because the employer did not sign it). Furthermore, the record establishes that Wells Fargo intended to be bound by the Agreement. It authored the agreement, sent it to Mr.

---

[11] Opp'n – ECF No. 35-2 at 3–12.

[12] *Id*. at 5.

ORDER – No. 19-cv-07773-LB                5

Jensen with his offer of employment, and moved to enforce it after Mr. Jensen filed this suit.[13] In sum, there was mutual assent to agree to arbitrate. *See Campos*, 2019 WL 827634 at *6 ("Defendant's conduct in drafting and seeking to enforce the [arbitration] Agreement and Plaintiff's acceptance of the Agreement through her signature evince an agreement to arbitrate").

### 2.2   Unconscionability

Mr. Jensen next contends that the arbitration agreement is procedurally and substantively unconscionable. As the party opposing arbitration, Mr. Jensen bears the burden of proving unconscionability. He has not met his burden.

#### 2.2.1   Procedurally unconscionable

Procedural unconscionability "focuses on 'oppression or surprise due to unequal bargaining power.'" *Poublon*, 846 F.3d at 1260 (citing *Pinnacle Museum*, 55 Cal. 4th at 236). "The oppression that creates procedural unconscionability arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." *Id*.

Mr. Jensen concedes that he was not coerced into signing the agreement.[14] He contends that the agreement is procedurally unconscionable because (1) it is one-sided and limits only his rights, and it is a contract of adhesion, (2) Wells Fargo did not attach the American Arbitration Association's ("AAA") rules; and (3) he did not have enough time to review the agreement.[15] These contentions do not show procedural unconscionability.

First, the agreement is a mutual arbitration agreement.[16] Mr. Jensen contends that he had to sign the agreement to get the job (and thus had no bargaining power), but he also concedes that there was no coercion.[17] "[T]he California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable." *Poublon*, 846 F.3d at 1260–61 (internal citations omitted). "In

---

[13] *See* Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. 1 to Hutchins Decl. – ECF No. 29-2 at 5–6; Ex. C to Opp'n – ECF No. 36 at 14.

[14] Opp'n – ECF No. 35-2 at 10.

[15] *Id*. at 6–10.

[16] Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.

[17] Opp'n – ECF No. 35-2 at 10

ORDER – No. 19-cv-07773-LB            6

the employment context, if an employee must sign a non-negotiable employment agreement as a condition of employment but 'there is no other indication of oppression or surprise,' then 'the agreement will be enforceable unless the degree of substantive unconscionability is high." *Id*. (citing *Serpa v. Cal. Sur. Investigations, Inc.*, 216 Cal. App. 4th 695, 704 (2013)). "[T]he adhesive nature of a contract, without more, would give rise to a low degree of procedural unconscionability at most." *Id*. at 1261–62; *see also Campos*, 2019 WL 8276234 ("The adhesive nature of the [arbitration] Agreement presents only a minimal degree of procedural unconscionability"). Given that there is no evidence of coercion, there is no evidence of oppression" or "surprise," and thus the adhesive nature (at most) presents a minimal level of procedural unconscionability.

Second, "[i]ncorporation by reference [of the AAA rules to an arbitration agreement], without more, does not affect the finding of procedural unconscionability." *Poublon*, 846 F.3d at 1261 (citing *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016)) (noting that the California Supreme Court in *Baltazar* "rejected an employee's claim that the employer's failure to provide a copy of the American Arbitration Association's rules, which were incorporated by reference in the arbitration agreement, gave rise to a 'greater degree of procedural unconscionability'"); *see also Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1472 (2013) ("failure to attach the AAA rules, standing alone, is insufficient grounds to support a finding of procedural unconscionability"). Also, the agreement specifies that the applicable section from the AAA rules is the "Employment Arbitration Rules and Mediation Procedures."[18] *Cf. Campos*, 2019 WL 827634 at *7 (rejecting the argument that it is procedurally unconscionable when an employer fails to attach AAA rules when the agreement "identifies the applicable AAA rules [as] []'Employment Arbitration Rules'[]").

Third, the three days to review the document is not procedurally unconscionable.[19] Wells Fargo's employment offer letter was dated February 2, 2018, and asked for Mr. Jensen's response

---

[18] Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.

[19] *Id*. at 6.

1   by February 5, 2018.[20] This does not sufficiently show "oppression" and "surprise" given that the
2   agreement is a stand-alone document that — through bolding and large fonts and notices such as
3   "Wells Fargo Mutual Arbitration Agreement," and an acknowledgement of the employee's right to
4   seek counsel before signing — defeats any argument about procedural unconscionability.[21] *Cf.*,
5   *Borgonia v. G2 Secure Staff, LLC*, 19-cv-00914-LB, 2019 WL 1865927, at *4 (N.D. Cal. April 25,
6   2019) (employees argued that the employer "rushed them into signing the agreements,"
7   nonetheless, the agreements were not procedurally unconscionable where they were "stand-alone
8   documents that cautioned the plaintiffs to read them carefully.").

9   Mr. Jensen has not met his burden to show that the agreement is procedurally unconscionable.

### 2.2.2   Substantively Unconscionable

To be substantively unconscionable, "the agreement must be 'overly harsh,' 'unduly oppressive,' 'unreasonably favorable,' or must 'shock the conscience,'" i.e., the agreement's terms must be "unreasonably favorable to the more powerful party." *Poublon*, 846 F.3d at 1261 (citing cases). "The 'central ideal' is that 'the unconscionability doctrine is concerned not with a simple old-fashioned bad bargain but with terms that are unreasonably favorable to the more powerful party.'" *Id.* (citing *Baltazar*, 62 Cal. 4th at 1244).

Mr. Jensen contends that the agreement is substantively unconscionable because it (1) imposes unfair costs and fees on him, and (2) does not provide adequate rights to discovery or remedies.[22] The agreement is not substantively unconscionable.

First, agreement provides that Mr. Jensen must pay the initial filing fee for arbitration, but thereafter, "Wells Fargo will pay all costs unique to arbitration, including any further filing fees, arbitration fees, or AAA administrative fees."[23] Wells Fargo confirmed — that as party initiating the arbitration — it will pay the initial filing fee.[24] This cost agreement is not "unduly oppressive"

---

[20] Ex. C to Opp'n – ECF No. 36 at 10.
[21] Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.
[22] Opp'n – ECF No. 35-2 at 11–13.
[23] Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.
[24] Supplemental Update – ECF No. 47 at 1.

1   or "overly harsh." *See, e.g., Armendariz*, 24 Cal. 4th at 110–11 ("the arbitration agreement or

2   arbitration process cannot generally require the employee to bear any *type* of expense that the

3   employee would not be required to bear if he or she were free to bring the action in court") (italics

4   in original); *Borgonia*, 2019 WL 1865927 at *4 (finding agreement not substantively

5   unconscionable where the defendant "will pay the costs of arbitration").

Mr. Jensen challenges the agreement's provision that the parties are responsible for their own fees and costs.[25] The agreement specifically provides that each party will bear its attorney's fees "unless ordered by the arbitrator in accordance with applicable law."[26] This is not unconscionable. *Cf., e.g., Ortiz v. Volt Mgmt. Corp.*, 16-cv-07096-YGR, 2017 WL 1957072, at *4 (N.D. Cal. May 11, 2017) (finding a provision not substantively unconscionable where "[t]he arbitrator's discretion with regard to attorney's fees is bounded by what otherwise would be allowed under the applicable rules"); *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 251–52 (2016) (fee provision is substantively unconscionable because its "plain language requires the parties to be responsible for their own attorneys fees without any exceptions"); *Laughlin v. VMware, Inc.*, 11-cv-00530, 2012 WL 298230, at *5–6 (N.D. Cal. Feb. 1, 2012) (arbitration agreement's cost-splitting provision is substantively unconscionable where it "requires Plaintiff to 'separately pay her counsel fees and expenses' and does not give the arbitrator authority to alter this provision").

Second, the argument about the lack of discovery or remedies does not persuade. The Agreement provides that "[t]he parties shall have the right to conduct adequate discovery necessary to the full and fair exploration of the case, file dispositive motions, and present witnesses and evidence."[27] It also states that "[t]he arbitrator is authorized to grant all remedies available under applicable law."[28]  The agreement thus does not limit discovery or any remedy in a way that "shocks the conscience." *Poublon*, 846 F.3d at 1261.

In sum, the agreement is not substantively unconscionable.

---

[25] Sur-reply – ECF No. 42 at 11. The court grants Mr. Jensen's request to file a sur-reply.

[26] Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.

[27] Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.

[28] Ex. A to Clerkley Decl. – ECF No. 29-1 at 5; Ex. C to Opp'n – ECF No. 36 at 14.

ORDER – No. 19-cv-07773-LB                 9

**CONCLUSION**

The court grants Wells Fargo's motion to compel arbitration and stays the case at the parties' request. *Cf. e.g, Loewen v. Lyft,* 129 F. Supp. 3d 945, 966 (N.D. Cal. 2015) ("Because the Court concludes that arbitration should be compelled, it has the discretion to stay the case under 9 U.S.C. § 3 or dismiss the litigation entirely.") (citations omitted).[29] The court administratively closes the case.

This disposes of ECF No. 29.

**IT IS SO ORDERED.**

Dated: March 19, 2020

_____
LAUREL BEELER
United States Magistrate Judge

---

[29] Wells Fargo raised objections to the declarations and exhibits submitted with Mr. Jensen's opposition. Objections – ECF No. 41. Because the court finds in favor of Wells Fargo, the court declines to rule on this issue. The court also denies Mr. Jensen and Wells Fargo's respective requests for judicial notice, because the court need not rely on those documents to reach its conclusion. *See* Requests for Judicial Notice – ECF Nos. 40, 44.